IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPROTT MONEY LTD,<br><br>        Plaintiff,<br><br> -against-<br><br>NEAL CABOT OHM,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sprott Money Ltd., through its undersigned counsel, Clyde & Co US, for its Complaint against the defendant Neal Cabot Ohm ("Mr. Ohm" or "Defendant"), respectfully alleges as follows:

## INTRODUCTION

1. This lawsuit arises from the conversion by Defendant of ten Credit Suisse (10 oz.) gold bars (the "Gold Bars") belonging to Sprott Money, Ltd. ("Sprott Money"). At all material times, the Gold Bars were valued at US$146,500.

2. Despite Mr. Ohm's representations to Eric Sprott, the chairman and owner of Sprott Money, on February 17, 2016, and to others that he would return the Gold Bars, Mr. Ohm has refused to return them and is now claiming that the Gold Bars belong to him.

3. By this Action, Sprott Money seeks to recover the Gold Bars or, in the alternative, damages equivalent to the value of the Gold Bars, in addition to punitive damages, costs and attorneys' fees based on Defendant' wilful misconduct.

## THE PARTIES

4.  Established in 2008, Sprott Money is a privately-held company existing and organized under the laws of Canada. Sprott Money is wholly-owned and operated by Eric Sprott.

5.  Sprott Money deals in the wholesale trade of precious metals, including gold, silver and platinum bars and coins.

6.  Neal Cabot Ohm is a citizen of the State of New York residing and domiciled at 35 East 30th Street Apt. 9E, New York, NY 10016.

## RELEVANT NON-PARTIES

7.  Larisa Sprott joined Sprott Money in February 2009 in the role of President. Ms. Sprott was married to the Defendant in October 2011. Ms. Sprott and the Defendant separated on June 2015 and there are divorce proceedings currently pending in Canada.

8.  Eric Sprott is the sole owner and Chairman of Sprott Money. Eric Sprott is Larisa Sprott's father.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over the suit pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of a foreign state and the defendant is a citizen of the State of New York.

10. This Court has personal jurisdiction over Defendant because Defendant is a citizen of the State of New York and because Defendant's wrongful acts took place in the State of New York.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the actions and wrongful conduct underlying these claims occurred in this District.

## FACTUAL BACKGROUND

12. On April 12, 2011, Larisa Sprott, acting in her capacity as an employee of and on behalf of Sprott Money, purchased the Gold Bars in New York City (the "Transaction") from a client, Mr. Gary Flanzer. At the time of the Transaction, Mr. Ohm was in a personal relationship with Larisa Sprott.

13. Because Ms. Sprott was new to the State of New York, she was without connections to local security companies and not a resident of the United States. Ms. Sprott accepted Defendant's "offer" to help her open a joint safety deposit box in which to place the Gold Bars for safekeeping until eventual transfer to Sprott Money's offices in Canada. The safety deposit box was located at HSBC's 354 6th Avenue branch in Manhattan (the "HSBC Safety Deposit Box"). After the Transaction was completed, Ms. Sprott placed the Gold Bars in the HSBC Safety Deposit Box.

14. Sprott Money never promised to gift or gifted the Gold Bars to either Ms. Sprott or Mr. Ohm. Both Ms. Sprott and Mr. Ohm were aware that the placement of the Gold Bars in the HSBC Safety Deposit Box was nothing more than a temporary accommodation.

15. In October of 2011, Defendant married Ms. Sprott. The marriage was short-lived. In April 2012, after a heated custodial argument between Defendant and Ms. Sprott, Ms. Sprott moved back to Toronto, Ontario, Canada thus leaving behind Sprott Money's Gold Bars in the HSBC Safety Deposit Box. Ms. Sprott was 5 months pregnant with the Defendant's child at the time. The parties attempted to work on their marriage until they formally separated for the first time in March 2013 (the "First Separation"). Unbeknownst to Ms. Sprott, she was pregnant with their second child at the time of the First Separation. After Ms. Sprott gave birth to their second child in October 2013, the parties again reconciled until they separated for a second and final time on June 13, 2015 (the "Second Separation").

16. Despite their efforts at reconciliation, Defendant and Ms. Sprott have lived in different cities since April 2012. Specifically, at all material times, Defendant lived in New York City and Ms. Sprott lived in Toronto.

17. On or around August 21, 2015, without Sprott Money's knowledge, consent, or authority, Defendant illegally removed the Gold Bars from the HSBC Safety Deposit Box, which he closed on that occasion, and placed them in an unknown place.

18. On or about February 17, 2016, Eric Sprott demanded that Defendant return the Gold Bars. Defendant agreed to return the Gold Bars. However, he later reneged on his promise and has refused to do so and is now claiming that the Gold Bars were a gift to him.

## COUNT I

## CONVERSION

19. Sprott Money repeats and re–alleges the allegations of paragraphs 1 through 18 of its Complaint as if fully set forth herein.

20. Sprott Money owns the Gold Bars that are subject to this lawsuit.

21. By the actions alleged in this Complaint, Defendant has converted the Gold Bars to himself and/or other entities owned and/or controlled by him.

22. Plaintiff has demanded that the Defendant return the Gold Bars but he has refused to do so.

23. As a result of Defendant's conversion of the Gold Bars belonging to Sprott Money, Sprott Money has been damaged in an amount to be determined at trial.

## COUNT II

## REPLEVIN

24. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 23 of its Complaint as though fully set forth herein.

25. The Gold Bars are rightfully Plaintiff's property.

26. Plaintiff has demanded that the Defendant return the Gold Bars but he has refused to do so.

27. Plaintiff is entitled to the return of the Gold Bars.

## COUNT III

## UNJUST ENRICHMENT

28. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 of its Complaint as though fully set forth herein.

29. As a consequence of Defendant's actions, Plaintiff has been denied any financial benefit in connection with the Gold Bars.

30. Defendant has been enriched by the Gold Bars at Plaintiff's expense. The circumstances are such that equity and good conscience require the Defendant to make restitution in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands as follows:

A. An order requiring the Defendant to return the Gold Bars to Plaintiff; or

B. Judgment in an amount to be determined at trial, including compensatory and punitive damages; and

C. Pre- and post-judgment interest, to the fullest extent permitted at law or equity; and

D. Reasonable attorneys' fees, costs and expenses; and

E. Such other further relief as the Court deems just and proper.

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
September 27, 2016

Case 1:16-cv-07566-JPO   Document 1   Filed 09/27/16   Page 6 of 6

CLYDE & CO US LLP

By: _____
Brian C. Dunning (1163)
Irene Ribeiro Gee (5389)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
brian.dunning@clydeco.us
irene.gee@clydeco.us

*Attorneys for Sprott Money Ltd.*